UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERARDO GARZA, | § | |
| Plaintiff, | § | |
| v. | § | CAUSE NO. _____ |
| | § | **Jury Trial Demanded** |
| HOUSTON METHODIST HOSPITAL | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, GERARDO GARZA, Plaintiff herein, and complains of Defendant, HOUSTON METHODIST HOSPITAL, and would show the following to this Honorable Court:

### I. PARTIES

Plaintiff, GERARDO GARZA ("Mr. Garza" or "Plaintiff"), is an individual residing in Galveston County, Texas and can be reached through his attorneys of record.

Defendant, HOUSTON METHODIST HOSPITAL ("Methodist" or "Defendant"), is a Texas corporation with its corporate headquarters in Harris County, Texas, and can be served with civil process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

### II. JURISDICTION AND VENUE

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-5(f)(3).

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all or substantial part of the events complained of herein occurred in this district.

### III. PROCEDURAL REQUIREMENTS

On February 10, 2022, Mr. Garza filed a Charge of Discrimination with the Equal Employment Opportunity Commission. In this charge, Mr. Garza asserted discrimination based on religion.

On September 13, 2022, the Equal Employment Opportunity Commission issued its Notice of Right to Sue. All of Plaintiff's conditions precedent to filing suit have been met.

### IV. FACTS

At all times relevant hereto, Mr. Garza has worked for Houston Methodist as an A/V Specialist.

On March 31, 2021, Defendant announced its mandatory Covid-19 vaccination requirement to its employees. On April 20, 2021, Mr. Garza submitted his request for a religious exemption from Defendant's vaccination requirement due to his sincerely held religious beliefs.

On April 29, 2021, Defendant denied Mr. Garza' request for a religious exemption.

On June 8, 2021, Defendant placed Mr. Garza on unpaid leave. On June 22, 2021, Defendant terminated Mr. Garza.

### V. CAUSE OF ACTION
### Religious Discrimination

Plaintiff asserts claims against Defendant for violations of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. Section 2000e-2, *et seq*. ("Title VII") Where appropriate, Plaintiff's claims should be understood as pleaded in the alternative.

Plaintiff's claims incorporate the facts alleged in this pleading. Based on the facts alleged, Plaintiff was an employee within the meaning of Title VII. Defendant is an employer within the meaning of Title VII.

Defendant is liable under Title VII. Specifically, Defendant is liable for discriminating against Plaintiff based on Plaintiff's religion.

Plaintiff has informed Defendant of his sincerely held religious beliefs that prevented his from accepting the mandated Covid-19 vaccine into his body, and requested to be exempt from Defendant's mandatory policy requiring his to be vaccinated for that disease.

In denying Plaintiff's request, Defendant incorrectly assumed that Mr. Garza' religious beliefs were based upon "concerns about the possible side effects of the vaccine." Mr. Garza made no such claims or statements in his request for religious exemption.

Defendant failed to offer reasonable accommodation to Plaintiff. Instead, it summarily placed him on unpaid leave and then terminated him. Defendant denied Plaintiff's request for an accommodation due to his sincerely held religious beliefs in bad faith, with recklessness and with conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

Plaintiff had a sincerely held religious belief that conflicted with an employment requirement. Defendant was informed of that belief, and Plaintiff was discharged for failing to comply with Defendant's vaccination requirement, all to Plaintiff's damage in an amount in excess of the jurisdictional limits of this Court, for which Plaintiff hereby sues.

## VI. DAMAGES

**A.     Compensatory Damages**

By terminating Plaintiff, Defendant caused him to incur compensatory damages in an amount in excess of the jurisdictional limits of this Court. Plaintiff has suffered lost wages, loss of earnings capacity, lost benefits, lost future earnings, mental anguish, inconvenience, and loss of enjoyment of life as a direct result of Defendant's unlawful actions against him.  Plaintiff suffered these injuries as the result of Defendant's actions in the past and in all reasonable probability will continue to suffer these injuries in the future.

**B.     Punitive Damages**

Because Defendant's conduct in terminating Plaintiff was grossly negligent and/or malicious, punitive/exemplary damages are authorized under T<small>EX</small> C<small>IV</small>. P<small>RAC</small>. & R<small>EM</small>. C<small>ODE</small>, Section 41.003.

## VII. ATTORNEYS FEES

Plaintiff requests this Court award him reasonable and necessary attorney fees and costs. Plaintiff has retained Woodfill Law Firm, PC, to represent him in this action and has agreed to pay reasonable and necessary attorney's fees.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff, GERARDO GARZA, respectfully requests that the Court cite Defendant, HOUSTON METHODIST HOSPITAL, to appear and answer herein, that the Court, after final trial hereof, order Defendant to compensate Plaintiff for his damages, and such other and further relief, at law and at equity, to which Plaintiff may show himself entitled.

Respectfully submitted,

**WOODFILL LAW FIRM, P.C.**

*/s/ Jared R. Woodfill*
Jared R. Woodfill
Texas Bar Number 00788715
Adam H. Helleck
Texas Bar Number 24038953
Email: woodfillservice@gmail.com (service only)
Email: jwoodfill@woodfilllaw.com (non-service only)
3 Riverway, Suite 750
Houston, Texas 77056
(713) 751-3080 Telephone
(713) 751-3058 Facsimile
*Attorneys for Plaintiff*