Case 4:22-cv-04288   Document 43   Filed on 08/15/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUDITH ANDRIKO, § | | |
| § | | |
| *Plaintiff,* § | | |
| VS. § | | CIVIL ACTION NO. 4:22-cv-4288 |
| § | | |
| HOUSTON METHODIST HOSPITAL, *et al.*, § | | |
| § | | |
| *Defendants.* § | | |

### ORDER

Before the Court is Houston Methodist Hospital's ("Houston Methodist") Rule 12(c) Motion to Dismiss against Judith Andriko ("Andriko").[1] (Doc. No. 32). Andriko did not respond to the Motion, and the time to do so has long passed. Having considered the Motion, relevant pleadings, and applicable law, the Court **GRANTS** the Motion for Judgment on the Pleadings. (Doc. No. 32).

### I.   Background

This case arises from Houston Methodist's vaccine mandate during the COVID-19 pandemic. Plaintiff worked at Houston Methodist as an Admitting Representative. (Doc. No. 1 at 2).[2] During her employment, the COVID-19 pandemic began, and on March 31, 2021, Houston Methodist imposed a vaccine mandate. (*Id.*). Plaintiff received the first dose of the vaccine but had an allergic reaction. (*Id.*). Fearing that she might suffer a pulmonary embolism from another dose,

---

[1] While Houston Methodist titles this Motion a "Motion to Dismiss," Rule 12(c) of the Federal Rules of Civil Procedure calls it a Motion for Judgment on the Pleadings. *See* FED. R. CIV. P. 12(c). The Court thus refers to this Motion as a Motion for Judgment on the Pleadings throughout this Order.

[2] Plaintiff's case was consolidated with 20 other cases under the caption *Garza v. Houston Methodist*, No. 4:22-cv-4288. *See* (Doc. No. 14). Thus, while the Motion for Judgment on the Pleadings was filed under the cause number 4:22-cv-4288, Plaintiff's operative Complaint was filed in cause number 4:22-cv-4292. For the purposes of this Order, citations to Plaintiff's Complaint, (Doc. No. 1), refers to the Complaint filed in the original, member case (4:22-cv-4292), while citations to the Motion, (Doc. No. 32), refers to the Motion filed in the consolidated, lead case (4:22-cv-4288).

on April 30, 2021, she submitted her request for a disability-based exemption from the vaccine requirement. (*Id.*). That same day, Houston Methodist denied her request. (*Id.*). On June 8, 2021, Plaintiff was placed on unpaid suspension, and on June 22, 2021, she was terminated for not complying with the vaccine mandate. (*Id.*).

After her termination, on April 22, 2022, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission's Civil Rights Division. (*Id.*). On September 13, 2022, the EEOC issued its Notice of Right to Sue. (*Id.*). Two months later, on December 12, 2022, Plaintiff filed this suit alleging violations of the Americans with Disabilities Act ("ADA").

Houston Methodist moves for judgment on the pleadings based on two arguments: (1) Plaintiff's suit is time-barred; and (2) she does not have a disability under the meaning of the ADA. (Doc. No. 32).

## II.   Legal Standard

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 544-545 (5th Cir. 2010). A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting

*Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). A court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

Houston Methodist makes two arguments in support of a judgment in its favor: (1) Plaintiff's suit is time-barred and (2) Plaintiff does not have a "disability" as defined in the ADA. (Doc. No. 32 at 5). The Court holds that Plaintiff's suit is time-barred, and thus, does not reach the second argument.

"[A]n employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). The ADA incorporates by reference the procedures applicable to actions under Title VII, 42 U.S.C. §§ 2000e, *et seq. Id.* In turn, section 2000e-5(e)(1) provides that "before a plaintiff can commence a civil action under Title VII in federal court, she must file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Id.* (citing 42 U.S.C. § 2000e-5(e)(1)). The time to file such a charge in this case is within 300 days of the alleged

3

discriminatory act. *Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002) (citing 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5(e)). Section 2000e-5(f)(1) further provides that "a civil action must be commenced 'within ninety days' after the charging party has received a 'right-to-sue' letter from the EEOC or state or local agency." *Dao*, 96 F.3d at 789 (citing § 2000e-5(f)(1)). Houston Methodist argues that the charge of discrimination was not filed within 300 days of the alleged discriminatory act.

The question, then, is when the clock started running. Three potential "discriminatory acts" are apparent from the Complaint: (1) the denial of disability accommodation on April 30, 2021; (2) the placement of Plaintiff on unpaid suspension on June 8, 2021; and (3) the termination of Plaintiff on June 22, 2021. While Houston Methodist expounds at length why the denial of the disability accommodation or, in the alternative, the imposition of unpaid suspension is the correct date from which to calculate the 300 days, all three of these potential "discriminatory acts" occurred more than 300 days from the filing date of Plaintiff's charge of discrimination on April 22, 2022.[3] Thus, regardless of whether the "discriminatory act" was the denial of accommodation, unpaid suspension, or termination, Plaintiff's charge of discrimination was not filed within 300 days of that act. This suit is thus time-barred, warranting dismissal. *See Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 864 (5th Cir. 1983) (holding that the statutory deadline is a "precondition to filing suit in district court").

---

[3] The following time periods control: 1) 357 days had passed between her denial of accommodation on April 30, 2021, to the filing of the charge of discrimination on April 22, 2022; 2) 318 days had passed between her being placed in unpaid suspension and her filing of the charge of discrimination; and 3) 304 days had passed between her termination and her charge of discrimination.

4

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Houston Methodist's Motion for Judgment on the Pleadings. (Doc. No. 32). Andriko's claims are dismissed. This is a final and appealable judgment.

It is so ordered.

Signed on this the _15_ day of August, 2025.

Andrew S. Hanen
United States District Judge